# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 05-608M |
| Plaintiff, | ) | |
| v. | ) | DETENTION ORDER |
| CRAIG DEAN JOHNSON, | ) | |
| Defendant. | ) | |

<u>Offense charged</u>:

    Conspiracy to Distribute Cocaine Base

<u>Date of Detention Hearing</u>:   Initial Appearance, December 16, 2005

    The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

    <u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

    (1)    Defendant is charged with three co-defendants with conspiring to distribute 50

DETENTION ORDER      15.13
18 U.S.C. § 3142(i)      Rev. 1/91
PAGE 1

grams or more of a mixture and substance containing cocaine base (crack cocaine).

(2) Defendant was not interviewed by Pretrial Services. There is no additional information regarding his personal history, residence, family ties or ties to the Western District of Washington, income, financial assets or liabilities, physical/mental health or controlled substance use if any. His criminal history includes a number of VUCSA charges for which sentence modification was imposed for noncompliance. The defendant does not contest detention.

(3) The defendant poses a risk of nonappearance due to unknown background information and a history of failing to comply with court orders. He poses a risk of danger due to criminal history and the nature of the instant charges.

(4) There does not appear to be any condition or combination of conditions that will reasonably assure the defendant's appearance at future Court hearings while addressing the danger to other persons or the community.

It is therefore ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of

an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 16th day of December, 2005.

*[signature]*
Mary Alice Theiler
United States Magistrate Judge